Patrice L. Bishop (182256)
service@ssbla.com
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA  90024
Tel:   (310) 209-2468
Fax:   (310) 209-2087

Edwin J. Mills (Admitted *pro hac vice*)
emills@ssbny.com
STULL, STULL & BRODY
6 East 45th Street
New York,  NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022

Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| In re COMPUTER SCIENCES CORP. ERISA LITIGATION | Master File No. CV 08-02398 SJO (JWJx) |
| | **STIPULATED PROTECTIVE ORDER** |
| This Document Relates To: | **\*\*NOTE CHANGES MADE BY THE COURT\*\*** |
| ALL ACTIONS. | |

1    On consideration of the Stipulation for Protection of Confidential Materials
2  submitted by Defendants Computer Sciences Corporation, Howard D. Fisk,
3  Frederick E. Vollrath, Michael E. Keane, Nathan Siekierka, CSC Retirement and
4  Employee Benefits Plans Committee, Leon J. Level, Van B. Honeycutt, Irving W.
5  Bailey, II, F. Warren McFarlan, Donald G. Debuck, and Thomas H. Patrick
6  (collectively, "Defendants") and Frederico Quan, Walter Gray, Jeanine Shamaly,
7  and Don Tyrone Ballard (collectively, "Plaintiffs," and together with Defendants,
8  the "Parties"), and it appearing to the Court that such a Protective Order is necessary
9  and appropriate and will facilitate discovery,

10    IT IS THEREFORE ORDERED that:

11    1.    Designation of Confidential Information. This Protective Order
12  designates as "CONFIDENTIAL MATERIALS" documents or discovery responses
13  that may be produced during discovery that are designated as such by the producing
14  party because they contain any of the following: confidential, sensitive, or nonpublic
15  financial, business, or technical information; policies and procedures not generally
16  published; personal information, including identifying personal information and
17  personal financial information, about any Party, any employee of any Party, or any
18  third party; and any financial information, not otherwise available to the public,
19  regarding any party to this lawsuit or any third party. All documents designated as
20  CONFIDENTIAL MATERIALS shall be stamped or marked "CONFIDENTIAL"
21  to indicate this designation. Documents may be designated as CONFIDENTIAL
22  MATERIALS at any time, including that a Party may mark a document as
23  CONFIDENTIAL after it was earlier produced without such a designation, with the
24  effect that such document is thereafter subject to the provisions of this Protective
25  Order, and the earlier failure to designate a document as CONFIDENTIAL
26  MATERIALS shall not constitute a waiver of such claim. Any documents
27  designated as CONFIDENTIAL MATERIALS prior to entry of this Order shall be
28

2

1    treated the same in all respects as documents designated as CONFIDENTIAL

2    MATERIALS after the entry of this Order.

3          2.      Social Security Numbers, Personal Identification Information, and Other

4    Taxpayer Identification Information.  Social Security Numbers, Personal

5    Identification Information (such as home addresses, personal telephone numbers,

6    and personal email addresses), Taxpayer Identification Numbers, and Employer

7    Identification Numbers shall be deemed to be CONFIDENTIAL MATERIAL

8    whether or not so designated by the producing party, and will be treated as

9    CONFIDENTIAL MATERIALS under this Order.  In any court filings, the party

10   that files any materials shall redact any Social Security Numbers contained therein

11   prior to filing pursuant to Central District General Order 08-02, as well as any other

12   Personal Identification Information and other Taxpayer Identification Information.

13   In addition, any such information shall be redacted prior to disclosure to any person

14   or entity referenced in Paragraph 5f-5g of this Protective Order by a Party receiving

15   such materials.

16         3.      Work Product that Includes CONFIDENTIAL MATERIALS.

17   CONFIDENTIAL MATERIALS also include those portions of any notes, work

18   papers or other work product that contain confidential information from documents

19   designated as CONFIDENTIAL MATERIALS.

20         4.      Definition of Litigation. As used herein "Litigation" shall be the above-

21   captioned action and any appeals thereof only and shall not include any related cases

22   or proceedings.

23         5.      Limitations on Disclosure of Confidential Information. Discovery

24   materials designated CONFIDENTIAL MATERIALS, and information derived

25   therefrom, shall be maintained in confidence by the Party to whom such materials

26   are produced or given. The Party receiving CONFIDENTIAL MATERIALS shall

27   use them solely for purposes of this Litigation and not in any other proceeding or

28   litigation; shall not use them for any other purpose, including, without limitation,

3

any business, investment, or commercial purpose; and shall not disclose them to any person or entity except the following qualified recipients:

    a.  The Court and its officers;

    b.  The Parties,

    c.  The Parties' counsel in this Litigation and employees of such counsel;

    d.  The Parties' in-house counsel;

    e.  Outside consultants and experts retained by a Party or the Party's counsel to assist in this Litigation, or witnesses or deponents in advance of and in preparation for testimony, provided that each such third party has been provided a copy of this Protective Order and has signed an agreement (in a manner and form identical or comparable to Attachment A hereto) acknowledging receipt of the Order, their agreement to be bound by it, and their consent to personal jurisdiction before this Court;

    f.  Other persons, provided that (1) the producing party has consented in writing to disclosure to such other person, and (2) such other person has been provided a copy of this Protective Order and has signed a receipt acknowledging the receipt of the Order, their agreement to be bound by it, and their consent to personal jurisdiction before this Court;

    g.  Deponents in depositions in this Litigation, provided any CONFIDENTIAL MATERIALS shall be subject to the provisions of paragraphs 11-13 of this Protective Order; and

    h.  Any copy services or other service providers engaged by the Parties or their counsel to assist in this Litigation, provided that each such third party has been provided a copy of the Protective Order and has signed a receipt acknowledging the receipt of the Order, their agreement to be bound by it, and their consent to personal jurisdiction before this Court.

6.  <u>Persons Receiving CONFIDENTIAL MATERIALS.</u> All persons to whom CONFIDENTIAL MATERIALS are provided shall be subject to this Protective Order and shall maintain such information in confidence, shall not use such information for any purpose other than the prosecution or defense of this Litigation, and shall not, except in accordance with Paragraph 4, disclose such information to any other person, including without limitation parties or counsel to parties in other lawsuits pending against any of the Defendants.

7.  <u>Retention of Receipts.</u> Counsel to whom CONFIDENTIAL MATERIALS are disclosed shall keep in their files the originals of the signed receipts required by the Protective Order.

8.  <u>Limitation of Disclosure.</u> CONFIDENTIAL MATERIALS, copies thereof, or portions, summaries, or abstracts thereof, shall not be made public by the party to whom they are disclosed, unless such CONFIDENTIAL MATERIALS, or copies thereof, become part of the public record of this Litigation.

9.  <u>Determination of Confidentiality.</u> This Protective Order shall not foreclose any party from moving this Court for an order finding that specific discovery materials are not subject to the provisions of this Order. Pending the resolution of such a motion, the materials shall continue to be treated as CONFIDENTIAL.

10.  <u>Supplemental Orders.</u> This Protective Order shall not foreclose any party from moving the Court for an order relieving the party of the effect of the Order or from applying to the Court for further or additional protective orders. In addition, the Parties may agree in writing among themselves to modification of this Protective Order, subject to the approval of the Court.

11.  <u>Return of CONFIDENTIAL MATERIALS.</u> Within thirty (30) days after the final termination of this Litigation, including any appeals, each counsel shall at the option of the disclosing party either return all CONFIDENTIAL MATERIALS in his possession, custody or control, and all copies, portions, summaries, or

5

abstracts thereof to counsel for the disclosing party or shall certify destruction thereof; provided, however, that counsel for a party may retain a file copy of work product created in connection with this Litigation that includes CONFIDENTIAL MATERIALS, but such work product shall continue to be kept confidential pursuant to this Protective Order.

12.   Use of CONFIDENTIAL MATERIALS at Depositions. If counsel for any Party believes that a question put to a witness being examined in pretrial deposition will disclose CONFIDENTIAL MATERIALS, or that the answer to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such CONFIDENTIAL MATERIALS, such counsel may so notify examining counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, supporting personnel identified in Paragraph 4, parties to the Litigation, the court reporter, video operator and their assistants, and persons who have signed a receipt acknowledging the receipt of this Protective Order. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript  accordingly. A Party may also designate all or part of a deposition transcript as CONFIDENTIAL MATERIALS within 30 days of its receipt of the transcript by letter to the court reporter, with a copy provided to counsel for the other Parties.

13.   Designation of Transcripts of Depositions. The transcript or portions of the transcripts of such depositions that have been designated confidential shall be treated as CONFIDENTIAL MATERIALS.

14.   Use of Transcripts of Depositions. No copy of the portion of any deposition transcript that is designated in whole or in part as containing CONFIDENTIAL MATERIALS shall be prepared for or furnished by the reporter to any person other than to counsel for parties, and shall be provided only to the

persons identified in Paragraph 5 in accordance with the procedures required by this Protective Order.

15.   <u>No Modification of Privileges.</u> Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, or trade secret or other confidential research, development, or commercial information.

16.   <u>Use of CONFIDENTIAL MATERIALS in Discovery, Motions and Trial.</u> CONFIDENTIAL MATERIALS may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, and to prepare for trial, all subject to provisions of this Protective Order or any further order regarding confidentiality as this Court may enter.

17.   <u>Use of CONFIDENTIAL MATERIALS in Other Proceedings.</u> No CONFIDENTIAL MATERIALS may be used in connection with any other litigation, matter, or proceeding, except that, as specified in paragraph 28 herein, a producing party can use its own CONFIDENTIAL MATERIALS for any purpose.

18.   <u>File Under Seal.</u> In the event that any CONFIDENTIAL MATERIALS are in any way disclosed in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the filing party shall seek leave of court to file such pleadings under seal until further orders of this Court; provided, however, that the paper shall be furnished to the Court and the attorneys for the Parties and a duplicate copy with the confidential information deleted will be placed in the public record insofar as possible.

19.   <u>Use at a Hearing or Trial.</u> Nothing in this Protective Order shall preclude the use of discovery materials designated CONFIDENTIAL MATERIALS in a hearing or trial. Subject to the discretion of the Court, a Party may request that the Court maintain the confidentiality of discovery material designated CONFIDENTIAL MATERIALS during all court proceedings, including the trial or any appeal of this action; provided, however, that nothing herein prevents any other

1  party from opposing such request. Any party who wishes to submit

2  CONFIDENTIAL MATERIALS to the Court in connection with trial or a hearing

3  must notify the producing party 7 business days prior to such trial or hearing, to

4  allow the producing party sufficient opportunity to take steps to have the trial or

5  hearing conducted *in camera*. If, under the circumstances, 7 business days advance

6  notice is impractical, a party shall give advance notice that is reasonable under the

7  circumstances to the producing party, which shall in no event be less than 24 hours

8  prior to submission. If it is not practical to provide any advance notice to the

9  producing party, then a party seeking to disclose CONFIDENTIAL MATERIALS in

10  any proceeding before the Court shall so inform the Court, and the Court can decide

11  what precautions, if any, are appropriate to protect CONFIDENTIAL MATERIALS,

12  including how exhibits containing CONFIDENTIAL MATERIALS shall be used or

13  filed to maintain their confidentiality.

14      20.   Inadvertent Disclosure of Documents. Upon notification that a document

15  or other discovery material has been inadvertently produced and/or that a claim of

16  attorney-client privilege, attorney work product, or other applicable privilege or

17  protection will be made with regard to such document or other discovery material,

18  the party receiving such notice shall promptly return or, at the producing party's

19  option, destroy any and all copies of such document or other discovery material and

20  shall refrain from utilizing said document or discovery in any manner or form

21  including specifically but not exclusively, use during the course of a deposition,

22  review with witnesses, or any other disclosure or review whatsoever. The

23  inadvertent production of any document or discovery that is subsequently retrieved

24  or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the

25  claim of privilege asserted. Notwithstanding the foregoing, nothing in this paragraph

26  shall prevent a receiving party from challenging the producing party's designation of

27  the document or discovery as subject to attorney-client privilege, attorney work

28  product, or other applicable privilege or protection or otherwise not subject to

1   production, provided that (a) such challenge complies with Local Rules 37-1

2   through 37-4, (b) any review by the Court of the materials in question is conducted

3   *in camera*, and (c) the challenge shall not assert as ground or basis that the

4   producing party waived any privilege or protection because of the inadvertent

5   disclosure.

6       21.   Actions to Protect CONFIDENTIAL MATERIALS. In the event that a

7   court of competent jurisdiction determines that there is an actual or threatened

8   breach of the agreement by the party who received the CONFIDENTIAL

9   MATERIALS, the Parties agree that the party providing the CONFIDENTIAL

10   MATERIALS would not have an adequate remedy at law and would be entitled to

11   specific performance, and/or injunctive relief, to enforce the terms of this Protective

12   Order, in addition to any other remedy the party may be entitled at law or in equity.

13       22.   Disputes Concerning Application of this Order. Any party objecting to

14   the designation of any CONFIDENTIAL MATERIALS during this Litigation or the

15   application of any provision of this Protective Order may proceed under Local Rules

16   37-1 through 37-4 to seek an order vacating the designation or the application of said

17   provision. While such an application is pending, the discovery material or testimony

18   in question shall be treated as CONFIDENTIAL MATERIALS pursuant to this

19   Order.

20       23.   Notice of Court Subpoena or Order. If another court or government or

21   administrative agency subpoenas or orders production of CONFIDENTIAL

22   MATERIALS that a party has obtained under the terms of this Protective Order,

23   such party shall within five calendar days notify the attorneys of record of the party

24   or other person who produced the CONFIDENTIAL MATERIALS of the pendency

25   of such subpoena or order, and shall furnish those attorneys of record with a copy of

26   said subpoena or order and shall not produce any CONFIDENTIAL MATERIALS

27   for a period of five calendar days after providing the required notice to the producing

28   party. If, within five calendar days of receiving such notice, the producing party

gives notice to the receiving party that the producing party opposes production of
some or all of the CONFIDENTIAL MATERIALS in the receiving parties'
possession, custody or control, the receiving party shall so inform the party seeking
the Confidential Materials from the receiving party and shall explain, citing this
Order, that production of the CONFIDENTIAL MATERIALS, is prohibited by this
Order except pursuant to a court order requiring compliance with the subpoena,
order or other legal process. The producing party shall be solely responsible for any
objection to the requested production. Nothing herein shall be construed as requiring
the receiving party or anyone else covered by this Order to challenge or appeal any
order requiring production of CONFIDENTIAL MATERIALS covered by this
Order, or to subject itself to any penalties for noncompliance with any legal process
or order, or to seek any relief from this Court.

24. Agreements and Local, State and Federal Laws Regarding Confidential
Information. A party's production to another party of documents that the producing
party has designated as CONFIDENTIAL MATERIALS shall be deemed to be
compliant with any federal, state or local laws or agreements governing the
disclosure of confidential, personal or proprietary information, including without
limitation the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809. *See* 16 C.F.R. §
313.15(a)(7); 17 C.F.R. § 248.15(a)(7).

25. Material and Information Otherwise Obtained. Nothing in this Protective
Order shall apply to documents, information, material, or any portion thereof
obtained by any Party on a non-confidential basis from an unrelated person or entity
("Independently-Obtained Documents"), provided that if an Independently-Obtained
Document duplicates, in whole or in part, documents produced to the Party and
designated as CONFIDENTIAL MATERIALS, and the Independently-Obtained
Document was obtained directly or indirectly by the unrelated person or entity as a
result of discovery from any Defendant or affiliated entity in litigation involving any
Defendant or affiliated entity, such Independently-Obtained Document, or the

duplicative portion thereof, shall be treated by the Party as CONFIDENTIAL MATERIALS.  Nothing in this paragraph shall be deemed to relieve any unrelated party or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

26.  <u>No Waiver of Rights.</u> Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

27.  <u>Effect on Scope of Discovery.</u> Nothing in this Protective Order shall in any way expand or limit the permissible scope of discovery in this Litigation.

28.  <u>Other Parties and Third Parties.</u> Other parties to this Litigation, including any additional parties that join or are joined in this Litigation, may have access to CONFIDENTIAL MATERIALS only by additional order of the Court or by the party's executing and filing with the Court a stipulation agreeing to be fully bound by this Protective Order. Third parties providing discovery materials in response to a subpoena may gain the benefits of this Order with respect to any documents or discovery materials they produce by executing the receipt described in Paragraph 4(f) above; by so signing, those parties will also assume all the duties and obligations required under this Order.

29.  <u>Party's Use of Own CONFIDENTIAL MATERIALS.</u> This Protective Order has no effect upon, and shall not apply to, a producing party's use of its own CONFIDENTIAL MATERIALS for any purpose.

The Court and its personnel shall not be subject to the provisions of this agreement. IT IS SO ORDERED.

Dated: 9/18/08_____          / S /

_____
Honorable Jeffrey W. Johnson
United States Magistrate Judge

11