1 | Edwin J. Mills (Admitted *pro hac vice*)
emills@ssbny.com
2 | Michael J. Klein (Admitted *pro hac vice*)
mklein@ssbny.com
3 | STULL, STULL & BRODY
6 East 45th Street
4 | New York, NY 10017
Tel:   (212) 687-7230
5 | Fax:   (212) 490-2022

6 | Patrice L. Bishop (182256)
service@ssbla.com
7 | STULL, STULL & BRODY
10940 Wilshire Boulevard
8 | Suite 2300
Los Angeles, CA  90024
9 | Tel:   (310) 209-2468
Fax:   (310) 209-2087

10 |

**Counsel for Plaintiffs**

11

12

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15 | **WESTERN DIVISION**

16

17

18 | In re COMPUTER SCIENCES       )   Master File No. CV 08-02398 SJO (JWJx)
CORP. ERISA LITIGATION,        )
19 |                             )   **MEMORANDUM OF POINTS AND**
_____)   **AUTHORITIES IN SUPPORT OF**
20 |                             )   **PLAINTIFFS' MOTION *IN LIMINE***
This Document Relates To:      )   **NO. 1 TO  PRECLUDE DEFENDANTS**
21 |                             )   **FROM ASSERTING THAT THIS**
ALL ACTIONS.   )   **ACTION IS NOT A PROPER CLASS**
22 |                             )   **ACTION**
_____)
23 |                                 DATE:      July 28, 2009
TIME:      8:30 a.m.
24 |                                 CTRM:      Roybal, 880
JUDGE:     Honorable S. James Otero
25

26

27

28

1      Plaintiffs Federico Quan, Walter Gray, Jeanine Shamaly, and Don Tyrone

2   Ballard (collectively "Plaintiffs") respectfully move the Court *in limine* to preclude

3   Defendants from offering or eliciting evidence or asserting or otherwise arguing at

4   trial that this action is not a proper class action.

5      Plaintiffs have reason to believe, based on prior proceedings in this case, that

6   Defendants may attempt to use the trial in this case as a forum to re-express their

7   views on class certification.  In particular, on June 11, 2008, Plaintiffs moved this

8   court for class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2).

9   On August 11, 2008, Defendants opposed Plaintiffs' motion for class certification.

10  On September 2, 2008, this Court denied Plaintiffs' motion for class certification on

11  the grounds that the proposed class is not certifiable under Rule 23(b)(1) and/or

12  (b)(2).  On November 13, 2008, Plaintiffs moved this court again for class

13  certification, now under Fed. R. Civ. P. 23(a) and (b)(3). On December 8, 2008,

14  Defendants opposed Plaintiffs' new motion for class certification. On December 29,

15  2008, this Court granted Plaintiffs' motion for class certification on the grounds that

16  Plaintiffs satisfied the requirements of Rules 23(a) and (b)(3).  On January 14, 2009

17  Defendants filed with the Court of Appeals a petition seeking interlocutory review of

18  the Court's grant of class certification.  On March 12, 2009 the Court of Appeals

19  denied the petition for interlocutory review.

20     Based on Defendants' strenuous efforts to date to defeat class certification

21  Plaintiffs are concerned that Defendants may attempt to use the trial as a further

22  forum or vehicle in which to argue that class certification is here inappropriate.  But

23  no such argument or evidence should be allowed, for at least two reasons.  First, the

24  trial is not a proper forum in which to argue class certification.  Under Fed. R. Civ. P.

25  23 class certification is a matter committed to the Court's sound discretion following

26  consideration of the enumerated factors in Rule 23 (a)(1) to (4) and 23(b)(1), (2) and

27  (3).  Under Rule 23 class certification is not a matter for jury consideration at all, and

28  even in non-jury cases class certification is to be litigated by motion under Rule 23,

1

1    with the Court having discretion, both under Rule 23(d) and Fed. R. Civ P. 43(c), to

2    take such evidence and conduct such hearings as it considers appropriate.  But class

3    certification evidence have no place at a trial on liability and relief issues.  Put

4    another way, evidence and argument concerning class certification are not relevant to

5    the issues properly for trial under FRE 402, and certainly such evidence would cause

6    confusion with the main and proper issues for trial, would waste time and delay the

7    trial, and are otherwise properly excludable under FRE 403.

8          Second, under the law of the case doctrine, "a court is generally precluded from

9    reconsidering an issue that has already been decided by the same court, or a higher

10   court in the identical case."  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.

11   1997); *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir.),

12   cert. denied, 525 U.S. 1017 (1998). Defendants should not be permitted to revisit the

13   class issue when this Court has already certified this action as a class action and

14   Defendants had already had several opportunities to oppose class certification.

15         This Court should thus prohibit defendants, defense counsel, or any witness

16   from offering any evidence, asking any questions, or otherwise commenting or

17   making reference at trial which could be reasonably understood to suggest that this

18   action is not a proper class action.

19   Dated: June 23, 2009                    STULL, STULL & BRODY

20

21                                 By:      _____/s/_____
                                          Edwin J. Mills
22                                         6 East 45th Street
                                          New York, NY 10017
23                                         Tel:   (212) 687-7230
                                          Fax:   (212) 490-2022
24
                                          Patrice L. Bishop
25                                         STULL, STULL & BRODY
                                          10940 Wilshire Boulevard, Suite 2300
26                                         Los Angeles, CA 90024
                                          Tel:   (310) 209-2468
27                                         Fax:   (310) 209-2087

28                                         **Counsel for Plaintiffs**

2